Carlos A. CABALLERO, Appellant,

v.

The STATE of Texas, Appellee.

No. 56745.

Court of Criminal Appeals of Texas,
En Banc.

March 12, 1980.

Robert A. Valdez, Antonio G. Cantu, on appeal only, San Antonio, for appellant.

Bill M. White, Dist. Atty., Keith W. Burris, Bill Blagg, Alan E. Battaglia, Dick Ryamn and Lisa M. Beck, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

OPINION

DALLY, Judge.

Appellant appealed from a conviction for the offense of murder in which punishment was assessed at imprisonment for ten years. In his appeal this Court held on the State's Motion for Rehearing in *Caballero v. State*, 587 S.W.2d 741 (Tex.Cr.App.1979) that no error had been committed in the trial on the merits. However, error had occurred in the hearing on appellant's competency to stand trial. This Court abated the appeal and remanded the cause to the trial court to impanel a jury and conduct a competency hearing within 90 days to determine whether appellant was competent to have stood trial at the time of his trial on the merits. See *Brandon v. State*, Tex.Cr.App., —— S.W.2d —— (No. 59,348, decided April 23, 1979). At the jury trial on competency after the abatement the appellant was found to have been competent.

At the post trial competency proceeding the only evidence was testimony from one psychiatrist and written reports submitted from another psychiatrist and a psychologist. Each had examined the appellant prior to his trial and each concluded that he was competent to stand trial. This evidence is sufficient to sustain the jury's finding of competency and a careful review of the record reveals no error committed during the competency hearing. We, therefore, find that the appellant was competent to stand trial and as we held earlier there was no error in the trial on the merits.

The judgment is affirmed.