

On cross-examination by the State Dr. Hornisher was again asked if the appellant was suffering from a mental disease on the said September 19th. His answer was, "Well, this condition is of long duration, it is not something that just happens." When asked on cross-examination about whether the appellant was able to conform his conduct to the requirements of the law on September 19th, the doctor answered, "I don't know because I didn't see him for another month or two more months passed before I saw him."

On re-direct examination appellant's counsel again asked the witness if he (appellant) had been suffering from a mental disease or defect on September 19th and if the appellant was able to conform his conduct to the requirements of the law. Both questions were objected to by the State on the basis that the appellant was attempting to impeach his own witness. Both objections were sustained on that basis.

Robert Huttash, State's Atty., Austin, for the State.

The court's rulings were erroneous, but there were no bills of exception perfected to show what the witness would have testified to if he had been allowed to answer the questions on re-direct examination. Nothing is presented for review.

The judgment is affirmed.

## OPINION FOLLOWING THE SECOND REMAND

DALLY, Judge.

The procedural facts which have been stated in the prior opinions will not be repeated. Another supplemental transcript has been filed; it includes the instruments referred to in Presiding Judge Onion's prior opinion—the court's charge, the jury verdict, the judgment, and an additional court's docket sheet.

**Ex parte John Wesley McKENZIE.**

**No. 61309.**

Court of Criminal Appeals of Texas, En Banc.

June 4, 1980.

The supplemental transcript shows that the competency hearing as ordered by this Court was held. See *Brandon v. State*, 599 S.W.2d 567 (1979; opinion after remand 1980); *Caballero v. State*, 590 S.W.2d 714 (1980). The jury selected and sworn to determine whether the petitioner was competent to stand trial in 1974 was properly instructed on the law of competency to stand trial. See *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); Art. 46.02, V.A.C.C.P. The jury returned a verdict finding the petitioner " . . . was competent to stand trial on May 28, 1974, . . . "

The evidence, which included the testimony of a psychologist, who with other experts had examined petitioner prior to his trial in 1974, fully supports the jury's verdict. A judgment based on the jury's verdict has been entered.

Since it has now been properly determined that the petitioner was competent to stand trial when he was tried in 1974, the relief sought will be denied.

It is so ordered.

STATE of Texas ex rel. Tim CURRY, Criminal District Attorney of Tarrant County, Petitioner,

v.

Honorable Gordon GRAY, Presiding Judge, Criminal District Court No. 4 of Tarrant County, Respondent.

Nos. 64754, 64755.

Court of Criminal Appeals of Texas, En Banc.

June 4, 1980.

Tim Curry, Dist. Atty., L. Tolly Wilson and William D. Kane, Jr., Asst. Dist. Attys., Fort Worth, for petitioner.

Don Gladden and Janette Hinrichs, Fort Worth, for respondent.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DALLY, Judge.

The Relator is the Criminal District Attorney of Tarrant County and the Respondent is the Judge of Criminal District Court No. 4 of Tarrant County. The Relator