

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00199-CR

CHARLES RAY OWENS, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 10-0461X

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

## O P I N I O N

Texas Department of Public Safety Trooper Dennis Redden stopped a truck driven in Harrison County, Texas by Charles Ray Owens, Jr. because he believed Owens to be speeding. A check by Redden revealed that Owens was shown to have an outstanding Michigan arrest warrant but Owens had a child passenger with him. Rather than deal with the problem of disposing of the child if Owens were to be immediately arrested, Redden agreed to allow Owens to drive home in order to drop off his child passenger before submitting to arrest. Redden followed Owens home, but as soon as the child exited his truck, Owens sped off and Redden followed in hot pursuit. While chasing Owens, Redden came upon Owens' truck, which had become involved in a serious collision. Witnesses reported that they saw Owens' truck speed through an intersection and forcefully collide with a vehicle driven by Bobby Smith. Smith suffered severe head injuries and was pronounced dead at the scene.

Owens was charged with the felony murder of Smith. He raised the issue of his competency to stand trial based on his claim of amnesia for a period of time beginning a few days before the fatal collision and continuing for a period of some days after it.

Dr. Thomas Allen was appointed by the trial court to examine Owens and rendered his opinion of Owens' competency to stand trial. Thereafter, a competency hearing was conducted and, although Owens objected to the fact that Allen did not meet the statutory qualifications as an expert, Allen was permitted to testify. In that testimony, Allen opined that Owens was competent to stand trial. Allen's testimony was the sole evidence that contradicted Owens' claim of incompetence to stand trial, and the jury rejected Owens' claim of incompetence. A

2

new jury was empaneled to hear the trial on the merits and found Owens guilty of felony murder. Owens was then sentenced to forty years' confinement.

On appeal, Owens contends that the trial court erred (1) by admitting the expert testimony of Allen regarding Owens' competency, (2) by failing to quash the indictment, and (3) because there is a fatal variance between the charge and the evidence adduced at trial.

If we were to find that error existed in the refusal of the trial court to quash the indictment, such a determination would be dispositive, rendering the other issues moot. Accordingly, we deal first with the validity of the indictment.

## I.     Did the Trial Court Err in Denying Owens' Motion to Quash the Indictment?

In his second point of error, Owens contends that the trial court erred by denying his motion to quash the indictment. Just prior to the trial on the merits, on the eve of voir dire, Owens orally objected to the indictment and moved to quash it, but there is no written motion in the record on appeal. Motions to set aside an indictment and special pleas must be in writing. TEX. CODE CRIM. PROC. ANN. art. 27.10 (West 2006); *Faulks v. State*, 528 S.W.2d 607, 609 (Tex. Crim. App. 1975). An oral motion to quash or dismiss an indictment preserves nothing for review. *Faulks*, 528 S.W.2d at 609. Therefore, this point of error has not been preserved for our review.

**II.     Did the Trial Court Err by Admitting the Testimony of Dr. Thomas Allen?**

In his first point of error, Owens contends that the trial court erred by allowing Allen to testify on the question of Owens' competence because Allen lacked the required statutory qualifications to testify as an expert regarding such a determination.

In most circumstances, a trial judge is required under *Daubert*[1] to determine whether a proffered witness possesses the requisite credentials to testify as an expert.  However, when the issue regards the question of the competence of an individual to stand trial, persons who are called as expert witnesses must meet certain statutory qualifications.  A person who testifies as an expert regarding a defendant's competence to stand trial must be a licensed psychiatrist or psychologist and must satisfy a precise list of requirements.  *See* TEX. CODE CRIM. PROC. ANN. art. 46B.021 (West 2006), art. 46B.022 (West Supp. 2013).  Article 46B.022 of the Texas Code of Criminal Procedure states, in pertinent part:

> (a)     To qualify for appointment under this subchapter as an expert, a psychiatrist or psychologist must:
>
> (1)     as appropriate, be a physician licensed in this state or be a psychologist licensed in this state who has a doctoral degree in psychology; and
>
> (2)     have the following certification or training:
>
> (A)     as appropriate, certification by:
>
> (i)     the American Board of Psychiatry and Neurology with added or special qualifications in forensic psychiatry; or
>
> (ii)     the American Board of Professional Psychology in forensic psychology; or

---

[1] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, (1993); *Kelly v. State*, 824 S.W.2d 568 (Tex. Crim. App. 1992).

4

<blockquote>

(B) training consisting of:

(i) at least 24 hours of specialized forensic training relating to incompetency or insanity evaluations; and

(ii) at least eight hours of continuing education relating to forensic evaluations, completed in the 12 months preceding the appointment.

(b) In addition to meeting qualifications required by Subsection (a), to be appointed as an expert a psychiatrist or psychologist must have completed six hours of required continuing education in courses in forensic psychiatry or psychology, as appropriate, in either of the reporting periods in the 24 months preceding the appointment.

</blockquote>

TEX. CODE CRIM. PROC. ANN. art. 46B.022.

Here, the trial court appointed Allen on January 9, 2013, and that order was filed the next day. Allen's testimony established that although he was a licensed psychologist, he did not meet the board certification described in 46B.022(a)(2)(A). Therefore, in order to qualify as an expert to testify in this kind of determination, Allen was required to satisfy the training requirements set out in 46B.022(a)(2)(B). When inquiry was made of Allen as to whether he had received "eight hours of specialized training in forensic [p]sychology for the purposes of evaluating incompetency," as is required under (a)(2)(B)(ii), Allen responded that the last seminar he had attended which regarded specialized training on incompetency or insanity was in November 2011 and that he did not "have any for the year of 2012." Accordingly, Allen confirmed that he did not satisfy the above statutory requirements to testify as an expert on the issue of Owens' competency; absent those qualifications on Allen's part, the trial court erred by overruling Owens' objection and by admitting Allen's testimony and expert report. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.022(a)(2)(B)(ii).

5

The State does not dispute that Allen failed to satisfy the statutory qualifications for expert testimony for such determinations but the State responds to Owens' complaint regarding this fact by arguing that (1) any error regarding Allen's qualifications to testify is invited error, (2) when all the circumstances are taken into consideration, admitting Allen's testimony was not error, and (3) there was other evidence of competence before the jury.[2]

## A.    Invited Error

The State argues that any error regarding Allen's testimony was invited error because the trial court found that the order appointing Allen was prepared by Owens' attorney, that Owens' counsel was the person who entered Allen's name in the order, and by submission of the order, Owens made the request to approve Allen as an expert.[3]  The State contends that because Owens requested this particular expert, "he should not be allowed to complain on appeal for getting what he requested."

It is well-established law in Texas that an appellant cannot make "'an appellate error of an action [he] induced.'"  *Vennus v. State*, 282 S.W.3d 70, 74 (Tex. Crim. App. 2009) (finding

---

[2]The State also points out, and the Texas Court of Criminal Appeals specifically noted in *Morris v. State* that "'no case yet reported . . . has held that the inability to recall the event charged because of amnesia constitutes mental incapacity to stand trial.'"  *Morris v. State*, 301 S.W.3d 281, 292 (Tex. Crim. App. 2009) (quoting *Jackson v. State*, 548 S.W.2d 685, 691 (Tex. Crim. App. 1977)).  However, that history does not mean that no case can, or will ever, prove that amnesia alone is a valid ground for incompetency.  If no claims of amnesia need ever be considered in determining competence, there would neither ever be a need for an expert witness to testify nor a jury to rule in such circumstance.

[3]The order states that "there is evidence to support a finding of incompetency," that Owens "should be examined as provided by Article 46B.021," and that Allen is ordered to examine Owens to determine his competency to stand trial "as provided by Article 46B of the Texas Code of Criminal Procedure."  An expert appointed under Article 46B.021 is not appointed to aid one side or the other during the case but is, rather, the court's expert.  *Von Byrd v. State*, 569 S.W.2d 883, 896 (Tex. Crim. App. 1978) (ruling under previous statute).  The trial court was free to appoint whomever it chose and to accept recommendations from any source.  Therefore, even though Owens entered Allen's name in the order of appointment, Allen was the court's appointed expert, not Owens'.

6

invited error where defense prevented State from fully presenting evidence of probable cause by objecting during suppression hearing) (quoting *Druery v. State*, 225 S.W.3d 491, 506 (Tex. Crim. App. 2007)). If a party affirmatively seeks action by the trial court, that party cannot later contend that action was error. *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999). "'To hold otherwise would be to permit him to take advantage of his own wrong.'" *Id.* (quoting *Carbough v. State*, 93 S.W. 738, 739 (Tex. 1906)).

This Court has previously found invited error in *State v. Dixon*, where the State sought findings of fact and conclusions of law at trial, but on appeal argued that the trial court erred by making the very findings of fact and conclusions of law the State requested. *State v. Dixon*, 151 S.W.3d 271, 272 (Tex. App.—Texarkana 2004, pet. granted). Invited error was also found in *Russell v. State* and *Century 21 Real Estate Corp. v. Hometown Real Estate Co.*, where a party invited prejudicial comments from a prospective juror, failed to object to the comment at the time it was made, later sought a mistrial based upon the comment, and then appealed the trial court's failure to grant the mistrial. *Russell v. State*, 146 S.W.3d 705, 716 (Tex. App.—Texarkana 2004, no pet.); *Century 21 Real Estate Corp. v. Hometown Real Estate Co.*, 890 S.W.2d 118, 129 (Tex. App.—Texarkana 1994, writ denied).

The facts of this case are distinguishable from those of *Dixon*, *Russell*, and *Century 21*. What the State's brief does not mention is that Owens' counsel was unfamiliar with Allen or his qualifications and obtained his name from the office of the prosecutor as a person having been used by the State and the local court in the past for such evaluations. Even though Owens prepared the mutually agreed upon order appointing Allen, upon learning that Allen failed to

7

meet the statutory requirements, Owens made a timely objection to the trial court and properly sought Allen's disqualification. Owens did not induce the trial court to overrule his objection. Therefore, we find the law of invited error inapplicable to the facts of this case.

### B. Entirety of the Circumstances

The State contends that "allowing the testimony was not error because it has been held that appointment of an expert in violation of the guidelines does not necessarily require reversal." In support of its argument, the State cites *Von Byrd* for the proposition that we "must look at all of the circumstances." *Von Byrd*, 569 S.W.2d 883. The State's reliance on *Von Byrd* is misplaced.

In *Von Byrd*, the defendant argued that the trial court failed to appoint a disinterested expert to examine him because the doctor who had been appointed (being employed by Rusk State Hospital) was an employee of the State. *Id.* at 895–96. At the time, whether the doctor was "disinterested" was an issue of first impression for the court, and in deciding a state-employed expert could be disinterested, the court examined the applicable statutes, the legislative history, and the fact that judges were legally disinterested despite the fact that judges are also employed by the State. *Id.* at 896–97.

Citing *Von Byrd*, the State urges this Court to consider Allen's other qualifications and the fact that he has testified in "over 1,000 trials and had done numerous competency evaluations." The present case is distinguishable from *Von Byrd* because the basis for the claim of disqualification here is substantially different from those in *Von Byrd*. No one in *Von Byrd* questioned whether the examining expert met the statutory qualifications set out in Article

8

46B.022 of the Texas Code of Criminal Procedure; rather, the claim centered on the allegation that the proposed expert was disqualified by reasons not contemplated in the statute. Here, the State does not dispute the fact that Allen failed to meet the statutory qualifications.

## C.     Other Evidence

The State also contends that reversal is not warranted because the jury had other competency evidence before it, this evidence being in the form of a letter from Owens to the trial court. Although the State contends that the "letter clearly shows that [Owens] is competent," we do not perceive how it does so, and the State fails to explain its conclusion to that effect.

Furthermore, the statutory language indicates that expert testimony is required to determine a defendant's competence. Article 46B.021 states that once a court determines that "evidence exists to support a finding of incompetency to stand trial, the court *shall* appoint one or more experts" to examine the defendant, report to the court regarding his competence, and testify as to the same. TEX. CODE CRIM. PROC. ANN. art. 46B.021(a), (b) (emphasis added). Here, the trial court, after concluding that there was evidence to support a finding of incompetence, was required to appoint a qualified expert, but failed to do so. *See id*.

Because the sole evidence against Owens' claim of incompetence was the testimony of Allen and because Allen did not meet the statutory qualifications for an expert for that kind of determination, we find the determination of his competence to be flawed. We further find that determination and, thus, the testimony of Allen, to be harmful to Owens.

For the reasons stated above, we sustain Owens' first point of error.

9

A fatal flaw in the determination of Owens' competence to stand trial renders anything that occurred during the ensuing trial moot. Accordingly, it is unnecessary for us to examine the third point of error raised by Owens (i.e., whether there was a fatal variance between the indictment and the evidence at trial).

Accordingly, we reverse the trial court's judgment and remand the case to the trial court for a new trial.

.

Bailey C. Moseley
Justice

Date Submitted:    May 14, 2014
Date Decided:      June 27, 2014

Publish