

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00912-CR

William Henry **JOHNSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2012CRN199 D1
Honorable Jose A. Lopez, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  June 10, 2015

AFFIRMED

William Henry Johnson challenges his convictions for the offenses of murder and aggravated assault with a deadly weapon, arguing that the trial court erred in failing to conduct a formal trial on the issue of his competency to stand trial and in allowing him to represent himself at trial.  We affirm the judgment of the trial court.

## BACKGROUND

On February 17, 2012, Johnson walked into the ATC Transport tractor-trailer trucking terminal and demanded that he be paid for his services.  The office receptionist called 911 when

she saw Johnson, with a gun in his hand, confront a fellow employee, Clarence Krusen. Another employee, Robert Rodriguez, tried to calm Johnson down. Johnson turned around and shot Rodriguez in the chest. Johnson then ran after Krusen, and fatally shot him. The receptionist described the shooting to the 911 operator contemporaneously as it happened.

Johnson was indicted for one count of murder and one count of aggravated assault with a deadly weapon. Johnson was first represented by appointed attorney Virginia Aranda. Believing that Johnson suffered from a mental illness, Aranda filed a "Motion for Competency and Psychiatric Evaluation" on his behalf. The motion was granted and Johnson was evaluated by Dr. Homero Sanchez, who concluded that Johnson was competent to stand trial. Thereafter, Aranda filed a motion to withdraw which was granted by the trial court. Afterward, Marc A. Gonzalez was appointed to represent Johnson. Gonzalez filed a motion to have Johnson examined for competency a second time, and specifically requested that the evaluation determine whether Johnson suffered from post-traumatic stress disorder. The motion was granted, and the trial court appointed Dr. Rolando Rodriguez to examine Johnson. Dr. Rodriguez concluded that Johnson was not competent to stand trial.

At a subsequent pretrial hearing held on December 7, 2012, the State objected to Dr. Rodriguez's report on the basis that Dr. Rodriguez did not qualify as an expert certified to render an opinion on competency to stand trial under article 46B.022 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.022 (West Supp. 2014). Defense counsel agreed that Dr. Rodriguez was "not qualified under the [C]ode." The trial court acknowledged that because the report found incompetency, a formal hearing was required; however, the trial court first asked the State to ascertain whether Dr. Rodriguez was qualified. The trial court asked the parties to reconvene on January 18, 2013 and stated, "we will set up the [competency hearing] . . . if . . . everything is appropriate with regard to Dr. Rodriguez." The record, however, does not contain

any further discussion regarding Dr. Rodriguez's qualifications under article 46B.022, or a transcript of a hearing on January 18, 2013.

On March 28, 2013, Gonzalez filed "Defendant's Motion Suggesting Incompetency and Request for Re-examination" asking that Johnson be re-evaluated. The motion was granted. Johnson was examined by Dr. Gregorio Piña. Dr. Piña found that Johnson was competent to stand trial. The record does not contain any further inquiry or discussion regarding the issue of Johnson's competency to stand trial.

On July 9, 2013, Gonzalez filed a motion to withdraw as counsel. The trial court considered the motion at a hearing on July 19, 2013. With Johnson's consent, the trial court granted the motion. As the court was reviewing the list of appointment-eligible counsel to replace Gonzalez, Johnson requested that he be allowed to represent himself. After admonishing Johnson, the trial court found he had been advised of the dangers and disadvantages to self-representation, and that he understood that he was knowingly and voluntarily waiving his right to counsel. The trial court appointed Edward Castillo as standby counsel.

At a pretrial setting on November 26, 2013, the trial court again questioned Johnson to confirm that he understood his rights to have counsel appointed, to a speedy trial, to subpoena witnesses and records, to confront witnesses, to be protected from self-incrimination, and to represent himself. The trial court asked Johnson if he had reconsidered his decision to stand trial pro se, and Johnson replied he had not. Johnson signed a waiver of counsel, and the trial court entered findings that Johnson had the mental capacity to execute the waiver, that he had been advised of his constitutional and statutory rights and understood them, and that he had made an express, voluntary, knowing, and intelligent decision to represent himself.

Three days later, trial commenced. Johnson conducted voir dire, gave an opening statement, and cross-examined the State's witnesses. Johnson was periodically reminded by the

trial court that he had the opportunity for standby counsel to take over, but Johnson stated that he wanted to continue representing himself. After the State rested its case, Johnson recalled one of the State's witnesses and then examined defense witness Octavio Carrillo. Following his examination of Carrillo, however, Johnson opted to have standby counsel take over. From this point forward, Johnson was represented by counsel. Johnson was convicted of both counts, and was sentenced to life in prison on the murder conviction and 70 years' imprisonment on the aggravated assault, with the sentences to run concurrently.

On appeal, Johnson argues that he was incompetent to stand trial and that the trial court erred in failing to conduct a competency trial in violation of his due process rights. In addition, he contends that he was incompetent to represent himself.

## COMPETENCY TO STAND TRIAL

We first address Johnson's arguments that he was incompetent to stand trial and that the trial court erred in failing to conduct a formal competency trial in violation of his due process rights.

### Applicable Law and Standard of Review

Due process requires that, in order to be competent to stand trial, a criminal defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and must have a "rational as well as factual understanding of the proceedings against him." *Turner v. State*, 422 S.W.3d 676, 689 (Tex. Crim. App. 2013) (citing *Dusky v. United States*, 362 U.S. 402, 402 (1960)); *see also Pate v. Robinson*, 383 U.S. 375, 378 (1966) (conviction obtained while defendant is legally incompetent violates due process of law); *McDaniel v. State*, 98 S.W.3d 704, 709 (Tex. Crim. App. 2003) (same). This constitutional standard has been codified in Chapter 46B of the Texas Code of Criminal Procedure, which describes the circumstances that require a competency determination and details the procedures to

be followed. TEX. CODE CRIM. PROC. ANN. arts. 46B.001–.171 (West 2006 & Supp. 2014). Under the Code, a defendant is presumed competent to stand trial and shall be found competent unless proven incompetent by a preponderance of the evidence. *Id*. art. 46B.003(b) (West 2006). A person is incompetent to stand trial if the person does not have "(1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person." *Id*. art. 46B.003(a) (West 2006); *see Dusky*, 362 U.S. at 402; *Turner*, 422 S.W.3d at 683 n.11 (noting that a competent defendant possesses both criteria). Evidence relevant to these criteria includes whether a defendant has the capacity to (1) rationally understand the charges against him and the potential consequences of the pending criminal proceedings; (2) disclose to counsel pertinent facts, events, and states of mind; (3) engage in a reasoned choice of legal strategies and options; (4) understand the adversarial nature of criminal proceedings; (5) exhibit appropriate courtroom behavior; and (6) testify. TEX. CODE CRIM. PROC. ANN. art. 46B.024(1) (West Supp. 2014); *Morris v. State*, 301 S.W.3d 281, 286 (Tex. Crim. App. 2009).

The issue of a defendant's competence may be raised by either party's motion or by the trial court on its own motion. TEX. CODE CRIM. PROC. ANN. art. 46B.004(a) (West Supp. 2014). "If evidence suggesting the defendant may be incompetent to stand trial comes to the attention of the court, the court on its own motion shall suggest that the defendant may be incompetent to stand trial." *Id.* art. 46B.004(b) (West Supp. 2014). Upon a suggestion that the defendant may be incompetent, the trial court has a duty to conduct an informal inquiry to determine whether there is "some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." *Id.* art. 46B.004(c) (West Supp. 2014); *Lopez v. State*, 04-12-00568-CR, 2013 WL 6533183, at *3-4 (Tex. App.—San Antonio Dec. 11, 2013, no pet.) (mem. op., not designated for publication). If, after an informal inquiry, the court determines that evidence exists

to support a finding of incompetency, the court shall order an examination by a qualified expert to determine whether the defendant is incompetent to stand trial. TEX. CODE CRIM. PROC. ANN. art. 46B.005(a) (West 2006); *see also id*. arts. 46B.022, .024, .025 (West Supp. 2014) (procedures for examination). Before determining whether the defendant is incompetent to stand trial, the court shall hold a trial on the issue of incompetency, unless one of the following exceptions applies: (1) neither party's counsel requests a trial on the issue of incompetency; (2) neither party's counsel opposes a finding of incompetency; and (3) the court does not, on its own motion, determine that a trial is necessary to determine incompetency. *Id*. art. 46B.005(b), (c) (West 2006); *see also id.* arts. 46B.051-.055 (West 2006) (procedures for incompetency trial).

We review the trial court's decision not to conduct a formal competency trial under an abuse of discretion standard. *See Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009); *Rodgers v. State*, 04-11-00536-CR, 2012 WL 3025878, at \*2 (Tex. App.—San Antonio July 25, 2012, no pet.) (mem. op., not designated for publication) ("Because the trial court observes the behavior of the defendant at the hearing, the trial court is in a better position to determine whether the defendant is presently competent.").

*Analysis*

Johnson argues that once Dr. Rodriguez deemed Johnson incompetent to stand trial, the trial court had a duty to conduct a competency trial. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.005(b), (c) (before determining whether defendant is incompetent, court shall hold a trial under Subchapter C unless an exception applies). On a suggestion that the defendant may be incompetent to stand trial, the court may appoint a disinterested expert to examine the defendant and to report and/or testify on the competency or incompetency of the defendant. *Id*. art. 46B.021(a) (West 2006). To qualify for appointment, a person must be a licensed psychiatrist or psychologist and must satisfy the statutory requirements set out in article 46B.022. *See id.* art.

46B.022. An expert who does not meet article 46B.022's requirements is not qualified to examine the defendant and report on his competency or to testify on the issue of his competency. *Id.* art. 46B.021(a); *Owens v. State*, 437 S.W.3d 584, 586 (Tex. App.—Texarkana 2014, pet. granted) (holding trial court erred in admitting expert's testimony and report on competency because expert did not meet board certification requirement under article 46B.022(a)(2)(B)(ii)); *see also Jenkins v. State*, No. 12-05-00208-CR, 2006 WL 3020367, at \*7 (Tex. App.—Tyler Oct. 25, 2006, pet. ref'd) (mem. op., not designated for publication) (holding no evidence was adduced by appellant on issue of competency to stand trial where expert did not meet requirements of article 46B.022).

Here, the record reflects that at the December 7, 2012 hearing, defense counsel unequivocally stated that Dr. Rodriguez was not qualified under the Code to examine Johnson and to report on the issue of his competency to stand trial. Because Dr. Rodriguez was not qualified under article 46B.022, his evaluation was not admissible and thus constituted no evidence of incompetence. *See Owens*, 437 S.W.3d at 586. Without Dr. Rodriguez's evaluation, there was no suggestion of incompetency mandating the trial court to hold a competency trial. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.005(b). In any event, the record's lack of further discussion regarding Dr. Rodriguez's qualifications, as well as the subsequent appointment of Dr. Pina to reevaluate Johnson, demonstrates that all parties, including the trial court, agreed that Dr. Rodriguez's evaluation was inadmissible. As noted above, Dr. Pina, as well as Dr. Sanchez, found Johnson competent to stand trial. Accordingly, we cannot conclude that the trial court abused its discretion in failing to hold a competency trial, or that Johnson's due process rights were violated by the lack thereof. Johnson's second and third issues are therefore overruled.

## COMPETENCY TO PROCEED PRO SE

In his first issue, Johnson argues that the trial court erred in allowing him to represent himself at trial under the standard set out in *Indiana v. Edwards*, 554 U.S. 164, 172 (2008), because he was mentally incompetent.

### *Applicable Law and Standard of Review*

The Sixth Amendment of the United States Constitution guarantees both the right to counsel and the corresponding right to self-representation. *See* U.S. CONST. amend. VI; *Faretta v. California*, 422 U.S. 806, 819 (1975); *Hathorn v. State*, 848 S.W.2d 101, 122–23 (Tex. Crim. App. 1992). A defendant must make a decision to waive counsel competently, voluntarily, knowingly and intelligently. *Godinez v. Moran*, 509 U.S. 389, 400 (1993); *Faretta*, 422 U.S. at 835.

In *Indiana v. Edwards*, the United States Supreme Court recognized a "mental-illness-related limitation on the scope of the self-representation right." *Edwards*, 554 U.S. at 171. "That is to say, the Constitution permits States to insist upon representation by counsel for those competent enough to stand trial under *Dusky* but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves." *Id.* at 178. *Edwards* specifically declined, however, to overrule *Faretta*'s instruction that a defendant has a constitutional right to proceed *pro se* when he "voluntarily and intelligently elects to do so." *Id.*; *Faretta*, 422 U.S. at 807. Ultimately, although a defendant may possess "a rational as well as factual understanding of the proceedings against him," he may not be competent to conduct trial proceedings on his behalf without the help of counsel. *Edwards*, 554 U.S. at 178; *Dusky*, 362 U.S. at 402; *see also Chadwick v. State*, 309 S.W.3d 558, 560-61 (Tex. Crim. App. 2010) (applying *Edwards*).

We review a complaint that the trial court erred in allowing a mentally ill defendant to proceed *pro se* by the standard enunciated by the Texas Court of Criminal Appeals:

> [T]he trial judge is in the best position to make the decision of whether a mentally ill defendant is competent to proceed *pro se*. Accordingly, since this is a mixed question of law and fact that turns on an evaluation of credibility and demeanor, we review the trial judge's ruling for an abuse of discretion. We afford almost total deference to a trial judge's rulings on mixed questions of law and fact when the resolution of the issue turns on an evaluation of credibility and demeanor. We view the evidence in the light most favorable to the trial judge's ruling. And we will imply any findings of fact supported by the evidence and necessary to support the trial court's ruling when the trial judge failed to make explicit findings.

*Chadwick*, 309 S.W.3d at 561 (internal citations omitted).

*Analysis*

On appeal, Johnson maintains that his incompetency was evident prior to the beginning of trial, through jury selection, and as the trial progressed. As evidence of his incompetency, Johnson specifically points to Dr. Rodriguez's evaluation and its conclusion that he was incompetent to stand trial. We have already held, however, that Dr. Rodriguez's evaluation was inadmissible; thus, we may not look to it for evidence of incompetency. Moreover, even if we could consider the evaluation, a mental illness diagnosis is not alone dispositive of the self-representation-competency analysis. *See Turner*, 422 S.W.3d at 691; *Cudjo v. State*, 345 S.W.3d 177, 187 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (fact that defendant suffered from bipolar disorder did not, standing alone, render him incompetent to waive counsel); *Garcia v. State*, No. 13-13-00013-CR, 2014 WL 5314488, at *4 (Tex. App.—Corpus Christi Oct. 16, 2014, pet. ref'd) (mem. op., not designated for publication).

As further proof of his incompetence to represent himself, Johnson asserts that he "espoused an unnatural belief that there was a conspiracy against him that involved the drug cartels, the judge and/or his family members, the local Sheriff's Office and the Police Chief;" that he exhibited illogical, paranoid ideation and was unable to trust anyone; that he referred to his

brain as "frozen up" or stated he was "too cold to think;" that he suffered from delusions; and that he often answered the trial court's questions in Spanish despite the fact that English was his native language. Thus, Johnson argues that he (1) did not have the capacity to engage in reasoned choice of legal strategies and options; (2) did not have the capacity to exhibit appropriate courtroom behavior; and (3) was unable to state his mind. Consequently, he reasons that the trial court should have insisted upon representation by counsel despite his repeated requests to proceed *pro se*.

To determine whether a defendant has the mental capacity to represent himself, the trial judge may question the defendant "to take realistic account of the particular defendant's mental capacities." *Edwards*, 554 U.S. at 177-78; *Chadwick*, 309 S.W.3d at 561. The trial judge may consider the defendant's conduct in the courtroom as a measure of the defendant's competence "to conduct his own defense at trial." *Chadwick v. State*, 277 S.W.3d 99, 104 (Tex. App.—Austin 2009), *aff'd*, 309 S.W.3d 558 (Tex. Crim. App. 2010). In this case, the trial court, having conducted approximately seventeen pretrial hearings, had ample opportunity to observe and interact with Johnson. These interactions provided the trial court with sufficient information from which it could take "realistic account" of Johnson's mental competence to conduct his own defense. In addition, the record reveals that during trial, Johnson was able to advance his theory of the case, which was that he was not present at the murder scene and that the State lacked proof that he was the shooter. Johnson gave a coherent opening statement, lodged objections, recalled witnesses, and thoroughly cross-examined witnesses about their memory of the day in question. His conducted himself appropriately in court, and was respectful to the trial court, the prosecutors, the witnesses, and the jury. The deficiencies to which Johnson refers do not necessarily indicate that he was incompetent to represent himself, but rather, reflect the quality of his self-representation. *See Cerf v. State*, 366 S.W.3d 778, 786 (Tex. App.—Amarillo 2012, no pet.). ("That, after having been properly admonished, appellant made tactical or procedural errors in his

self-representation does not render him incompetent to have waived his right to counsel."). The record before us simply does not support the assertion that Johnson's alleged mental illness interfered with his functioning at trial. *See Cudjo*, 345 S.W.3d at 186.

Because we must give almost total deference to the trial court's rulings on mixed questions of law and fact when the resolution of the issue turns on an evaluation of credibility and demeanor, and because the trial judge was in the best position to determine whether or not Johnson was competent to represent himself at trial, we hold there was no abuse of discretion. *See Edwards*, 554 U.S. at 177. Johnson's first issue is overruled, and the judgment of the trial court is affirmed.

Rebeca C. Martinez, Justice

Do Not Publish