

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

## NO. PD-0967-14

---

**CHARLES RAY OWENS, JR., Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### HARRISON COUNTY

---

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, JOHNSON, KEASLER, RICHARDSON, YEARY, and NEWELL, JJ., joined. ALCALA, J., filed a dissenting opinion.

## O P I N I O N

Appellant, Charles Ray Owens, was charged with felony murder after he led police on a high-speed chase during which he hit two vehicles and killed one of the drivers. Before trial, he filed a motion arguing that he was incompetent to stand trial. Appellant claimed that, due to traumatic brain injury caused by the crash, he suffered from amnesia and was unable to remember anything about the wreck. After a mental-health assessment,

the defense expert concluded that, even if Appellant did suffer from amnesia (which the expert could not rule out), such condition did not render him incompetent to stand trial. At the ensuing competency trial, Appellant called the expert to the stand to testify about his conclusions, but before the expert could testify regarding the substance of his report, Appellant objected to his own witness and argued that the expert was not qualified to be appointed or testify as a competency expert. His complaint was founded on the belief that the witness did not meet a necessary continuing-education requirement. The judge allowed Appellant to argue (and he did) that the expert was not statutorily allowed to be appointed but otherwise overruled his objection and allowed the expert to testify. Appellant was found competent and later convicted of felony murder. He appealed the ruling of the trial court, and the court of appeals reversed and remanded for a new trial. It held that the trial court erred because the expert did not meet the statutory qualifications for a competency expert and that Appellant was harmed by that error. We will reverse the judgment of the court of appeals and remand this case for it to address Appellant's remaining point of error.

## I. FACTS AND PROCEDURAL HISTORY

### A. The offense

Appellant was driving with his fourteen-year-old son when he was pulled over for speeding. During the traffic stop, the officer learned that Appellant had an outstanding arrest warrant from Michigan. While awaiting confirmation of the warrant from dispatch,

the trooper offered to let Appellant "drive [his] kid to where he needs to go, because we need to go and take care of this." Appellant turned his truck around and drove home. According to the officer, as Appellant approached the residence, "he slow roll[ed] and drop[ped] the kid off" and drove away in his truck at a high rate of speed. The trooper pursued him but "fell off" because they were in a residential area and kids were standing in the vicinity. As Appellant approached a highway intersection from the west, the trooper saw the truck "go[] up in the air and [he] knew that [Appellant] had evidently hit something." Appellant had raced into the intersection after running a stop sign and crashed into two vehicles driving south on the highway. The driver of one of the vehicles died at the scene from severe head injuries.

**B. Competency**

The State charged Appellant with felony murder. The defense filed a motion challenging Appellant's competency to stand trial, arguing that Appellant was incompetent because his amnesia prevented him from remembering the crash. To prove its incompetency claim, the defense sought to have Dr. Thomas Allen appointed to evaluate Appellant, and the judge agreed to appoint him.

Allen concluded that Appellant was competent to stand trial because, even if he suffered from amnesia caused by injuries sustained in the crash, he could still consult with his attorney with a reasonable degree of rational understanding and had a rational

understanding of the proceedings against him.[1] TEX. CODE CRIM. PROC. art. 46B.003(a) (grounds for trial incompetence).

A competency trial was subsequently held, and the defense called Allen as its first witness. During direct and redirect examination, defense counsel questioned Allen extensively about his credentials and eventually objected to proceeding with him as an expert because Article 46B.022 sets out qualifications of an expert to testify regarding competency and [Allen] testified that he did not meet the requirement. *See* TEX. CRIM. PROC. art. 46B.022 (requirements for an expert who is appointed to review trial competency). The trial court ruled that Allen could testify because defense counsel prepared the order appointing him. Defense counsel responded that, regardless of how Allen was appointed, he "should be able to tell the jury [Allen] is not qualified to do this study." The court replied that, "at this point, you know, that is up to you to direct

---

[1]Allen's explanation for finding Appellant competent to stand trial, even if he suffered from amnesia, was that

> For [Appellant] to have a rational understanding of the conduct charged, if you have evidence that you can present to him and he told me that you -- that he had seen it, he can rationally understand that evidence. There was no impairment from hallucinations, delusions, his is simply I don't remember doing that. I saw the video and police report and whatever, something like that.
>
> *        *        *
>
> [The competency statute] talks about rational and factual only in terms of the proceeding. Does he understand what he is charged with. Does he know who the players are in this deal. Does he know that it is adversarial. So if you go strictly by the Statute he doesn't even have to tell you factually what happened and it is not uncommon for clients to lie even to their defense lawyers, their Priest, their wives.

that . . . . You will be entitled to go into the appointment of [him]." Subsequently, the defense argued to the jury that Allen was not qualified under the Texas Code of Criminal Procedure to be appointed as a competency expert, much less to evaluate a defendant's trial competency or render an opinion thereon. Allen testified that Appellant was competent to stand trial, the jury found him competent to stand trial, and he was subsequently convicted of felony murder and sentenced to forty years' imprisonment.

On appeal, Appellant claimed that the trial court erred when it allowed Allen to testify regarding Appellant's competency, and that he was harmed by that error. *See Owens v. State*, 437 S.W.3d 584, 586 (Tex. App.—Texarkana 2014, pet. granted). The State responded that Appellant should not receive a windfall because he invited the error when he prepared the order appointing Allen but failed to sufficiently review his credentials. *See Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999). The court of appeals rejected the State's invited-error argument and held that defense counsel did not invite the error because Appellant's attorney was unfamiliar with Allen, he prepared the motion appointing him only upon the prosecutor's recommendation, and once he determined that Allen did not satisfy the statutory prerequisites, he timely objected and properly asked that Allen be disqualified from testifying. *See Owens*, 437 S.W.3d at 588. The court concluded that, because "the sole evidence against [Appellant's] claim of incompetence was the testimony of Allen," the determination of Appellant's competency was fatally flawed, and he was harmed by that determination. *Id.* at 589. It further

concluded that the proper remedy was to reverse the judgment of the trial court and remand for a new trial because "[a] fatal flaw in the determination of [Appellant's] competence to stand trial renders anything that occurred during the ensuing trial moot." *Id.* The court of appeals found it unnecessary to examine Appellant's third ground—an alleged evidentiary variance—because it granted him a new trial based on his competency claim. *Id.*

We granted the State's petition for review to determine whether "the appellate court erred in reversing the conviction in lieu of abating the appeal and ordering a retrospective competency trial."[2]

## II. DISCUSSION

For the reasons we explain below, we conclude that the court of appeals erred in reversing Appellant's conviction and remanding for a new trial. Even if the competency proceedings were flawed, the proper remedy would have been to abate the appeal and remand to the trial court for further proceedings. But because we ultimately hold that any error in allowing Allen to testify was harmless, we need not abate this appeal and remand the case for a retrospective competency hearing.

### A. The court of appeals erred when it reversed the conviction and ordered a new trial.

We have long held that the appropriate remedy when there is an error in competency proceedings is to abate the appeal and remand the cause to the trial court to

---

[2]In this opinion, we do not address whether Allen was properly appointed as a competency expert.

determine the feasability of a retrospective competency proceeding. *Turner v. State*, 422 S.W.3d 676, 696–97 (Tex. Crim. App. 2013); *see Brandon v. State*, 599 S.W.2d 567, 573 (Tex. Crim. App. 1979). However, notwithstanding our extensive precedent, the court of appeals reversed Appellant's conviction for felony murder and remanded for a new trial. The court decided that a new trial was necessary because the flawed competency determination "render[ed] anything that occurred during the ensuing trial moot." *Owens*, 437 S.W.3d at 589.

It violates principles of due process to put an incompetent person to trial. *See Turner v. State*, 422 S.W.3d 676, 687 (Tex. Crim. App. 2013); *see also Pate v. Robinson*, 383 U.S. 375 (1966). Thus, if a defendant were tried and convicted, but later was found to have been incompetent to stand trial, that trial is rendered invalid on due-process grounds. However, if on remand the trial court determines that a retrospective competency evaluation is possible, and it is further found that the defendant was competent to stand trial when he was tried, then the defendant's conviction remains valid and there has been no due-process violation. *Ex parte Winfrey*, 581 S.W.2d 698 (Tex. Crim. App. 1979); *see Barber v. State*, 737 S.W.2d 824, 829 (Tex. Crim. App. 1987); *Caballero v. State*, 590 S.W.2d 714, 714 (Tex. Crim. App. 1980). Based on this principle and our precedent, the court of appeals would not have known whether Appellant's felony-murder trial would have been rendered invalid because it did not first abate the appeal and remand the case for a retrospective competency hearing (assuming such a hearing is feasible).

Consequently, the court of appeals erred when it reversed Appellant's conviction and remanded for a new trial.

### B. Even if it was error to allow Allen to testify, any error was harmless.[3]

Our examination of the record shows that the only evidence that Appellant was incompetent came from his attorney, who testified that "we believe that [Appellant's] inability to confer in regard to the reality of the events [because of his amnesia] is [a]ffecting his abilities to rationally communicate with me about those events."[4] In contrast, to prove that Appellant was competent, the State introduced a redacted four-page letter written by Appellant to the judge, who previously presided over the case expressing remorse that the wreck happened and for the loss of life, but professing to remember nothing "from four days before the accident up until just before Christmas a little over a month later." Appellant also said in his letter that, although he does not remember the wreck, he knows that "[he] had no intent to hurt anyone" and that he plans to compensate the victim's family after he "serve[s] punishment" for what he has done. He concluded that he does "not feel that [he] should be charged for murder as tragic as th[e] crime is," and that he thought a "vehicular manslaughter charge" was more "accurate."

Addressing the State's argument that any error was harmless, the court of appeals

---

[3]We do not address whether the trial court erred when it allowed Allen to testify because we conclude that, even if the judge erred, any error was harmless.

[4]Appellant argues only that Allen failed to meet the statutory qualifications to be appointed as a competency expert. He does not claim that he was prevented from presenting relevant evidence.

held that Appellant was harmed because it found that the letter from Appellant was not evidence that he was competent to stand trial, and it went on to say that, "[b]ecause the sole evidence against [Appellant]'s claim of incompetence was the testimony of Allen and because Allen did not meet the statutory qualifications for an expert of that kind of determination, we find the determination of his competence to be flawed."[5] *Owens*, 437 S.W.3d at 589.

We disagree that, as a matter of law, the letter had no bearing whatsoever on the relevant issues, i.e., whether Appellant was competent to stand trial. TEX. CODE CRIM. PROC. art. 46B.003(a). Indeed, Appellant's argument that he should not have been charged with murder, but some kind of lesser vehicular-manslaughter charge, was compelling evidence that he understood the seriousness of the charge he was facing and, therefore, had a rational and factual understanding of the proceedings against him. *See Turner*, 422 S.W.3d at 689 ("There is no reason to doubt that he understood that his life and liberty were at stake and what roles the various participants in the proceedings played.").

Moreover, although defense counsel's narrative testimony focused on the fact that

---

[5]The court of appeals seems to have decided that, because there was no proof of competency after excluding Allen's testimony from its analysis, Appellant must have been harmed. However, that is not necessarily so.

In Texas, a person is *presumed* to be competent "and shall be found competent" unless proven incompetent by a preponderance of the evidence. TEX. CODE CRIM. PROC. art. 46B.003(b). Thus, the relevant issue is not whether any evidence of competency was put on, but whether the defendant has overcome the presumption of competency. *Id.*

Appellant was incompetent to stand trial because he could not recall the wreck, in making that argument counsel also said that he visited his client multiple times, yet he never complained or even suggested that, during those visits, his client lacked a *present* ability to consult with him. *See Gonzales v. State*, 313 S.W.3d 840, 843 (Tex. Crim. App. 2010) (stating that for amnesia to rise to the level of trial incompetence, the amnesia would have to compromise a defendant's ability to think rationally at the time of trial). Additionally, counsel developed a trial-competency defense only because Appellant explained that, due to injuries he sustained in the wreck, he could not remember the circumstances of the offense. *Turner*, 422 S.W.3d at 690–91 ("These legislative criteria for competency contemplate a defendant who is at least minimally able to interact with his trial counsel in a 'reasonable and rational' way (even if they do not necessarily agree) in formulating decisions how most effectively to pursue his defense."). Counsel does not argue that he could not rationally communicate with Appellant. His only argument is that Appellant was incompetent to stand trial because he could not remember the wreck, and thus, according to defense counsel, no mens rea defense could be prepared. But, although Appellant claims to not remember the facts of the offense, he could have nevertheless relied upon the circumstances of the offense to develop a mens rea defense.[6]

---

[6]In his letter, Appellant addressed his state of mind based on only the circumstances of the offense as recorded on video:

> It is painfully clear to one that I am to blame for what happened. The Officer allowed me to drive the child that was with me home. He followed me, but fell behind quite a bit. I turned down a different road by the time he made a

The court of appeals erred when it reversed Appellant's conviction and remanded the case for a new trial due to a perceived fatal flaw in the competency proceedings. Further, we hold that any error in allowing Allen to testify because he was not qualified as a competency expert under Chapter 46B of the Code of Criminal Procedure was harmless.[7] We reverse the judgment of the court of appeals and remand this cause to that court to address Appellant's third point of error.

Hervey, J.

Delivered: October 28, 2015

Publish

---

turn I dropped off the child and was gone.
Watching the video I could not believe my eyes. I am still having a hard time dealing with it. All of this time I have thought that there was some explainable misunderstanding or something. There is no excuse for what happened.

[7]To prove harm when error is non-constitutional, a defendant must establish that the error, defect, irregularity, or variance affected his substantial rights. TEX. R. APP. P. 44.2(b).