

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. PD-0967-14

**CHARLES RAY OWENS, JR., Appellant**

**v.**

**THE STATE OF TEXAS**

ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE SIXTH COURT OF APPEALS
HARRISON COUNTY

**ALCALA, J., filed a dissenting opinion.**

**DISSENTING OPINION**

I respectfully dissent from this Court's judgment remanding this case to the court of appeals for consideration of the third issue raised by Charles Ray Owens, appellant. I would instead remand this case to the trial court for it to determine whether it is feasible to conduct a retrospective competency hearing, and, if so, to conduct that hearing. If a retrospective competency hearing is feasible and if appellant is found to be competent, then the court of appeals should address appellant's third issue.

## I. Background

Appellant was charged with felony murder for the death of Bobby Smith, a motorist with

whom appellant collided during his attempt to evade police. Appellant moved the trial court to make a determination regarding his competency to stand trial. Appellant argues that he has no memory of the period of time from a few days before the incident until several days after, and that this amnesia renders him unable to assist counsel in preparing a defense. The trial court conducted a competency hearing at which Dr. Thomas Allen testified as an expert witness. During his examination of Dr. Allen, defense counsel ascertained that Dr. Allen did not meet the then-statutory qualifications to testify as an expert at a competency hearing. *See* TEX. CODE CRIM. PROC. art. 46B.021. The court overruled defense counsel's objection, and the jury found appellant competent to stand trial. A jury later found appellant guilty of the offense. He appealed his case to the court of appeals in Texarkana, alleging that (1) the competency hearing was fatally flawed because Dr. Allen was not qualified to testify, (2) the trial court erred by overruling the motion to quash the indictment, and (3) there was a fatal variance between the indictment and the evidence adduced at trial. *Owens v. State*, 437 S.W.3d 584, 585 (Tex. App.—Texarkana 2014, pet. granted). The court of appeals sustained appellant's first issue, dismissed appellant's second issue because it had not been preserved, and did not reach appellant's third issue. *Id.* at 586, 589.

The court of appeals made three holdings in resolving appellant's contention that the trial court committed reversible error by admitting Dr. Allen's testimony at the competency hearing. First, it held that appellant did not invite the error by submitting Dr. Allen's name as the competency expert because appellant did so on the State's recommendation. *Id*. at 588 . Second, the court of appeals held that Dr. Allen's appointment violated the statutory requirements for the qualifications of competency experts. *Id*. at 589. The court of appeals explained that "the statutory language indicates that expert testimony is required to determine a defendant's competence." *Id.* Citing to

Article 46B.021(a), (b) of the Code of Criminal Procedure, the court of appeals noted that the trial court "shall appoint one or more experts" to examine the defendant when "evidence exists to support a finding of incompetency to stand trial." TEX. CODE CRIM. PROC. art. 46B.021(a),(b). The court held that Dr. Allen did not meet the statutory criteria to be qualified as an expert on competency. *Owens*, 437 S.W.3d at 589. Third, the court of appeals held that the failure to appoint a statutorily-qualified expert harmed appellant. *Id*. The harm analysis by the court of appeals discussed the State's argument that a letter written by the appellant to the trial court served as persuasive evidence of appellant's competency, so that appellant was not harmed by the erroneous admission of Dr. Allen's testimony. *Id*. The court of appeals stated,

> The State also contends that reversal is not warranted because the jury had other competency evidence before it, this evidence being in the form of a letter from Owens to the trial court. Although the State contends that the "letter clearly shows that [Owens] is competent," we do not perceive how it does so, and the State fails to explain its conclusion to that effect.

*Id*. Because appellant was harmed, the court of appeals held that the erroneous admission of Dr. Allen's testimony required reversal. *Id*.

This Court's majority opinion addresses only the harm analysis by the court of appeals. This Court decides that a letter written by appellant to the former judge that asserts he has no memory of the events or of a period of time before and after the events shows that he is competent to stand trial even though there was no qualified expert testimony to establish competency. I disagree.

## II. Analysis

This Court's majority opinion does not disagree that the competency hearing was flawed because it did not meet the statutory requirements. The sole question at this juncture, therefore, is whether appellant was harmed by the admission of the unqualified expert testimony. I conclude that,

in the absence of the unqualified expert testimony, there was inadequate other evidence to find appellant competent to stand trial, even accepting that there is a presumption of competency.

This Court's majority opinion holds that the lack of a statutorily-required competency expert is harmless based on the letter appellant wrote to the trial court. Appellant states in the letter that, after watching a videotape of the offense, he believes that he should be charged with vehicular manslaughter instead of murder. For purposes of this discussion, I will agree with this Court's majority opinion that those statements are evidence that appellant had the capacity during the criminal proceedings to rationally understand the charges against him; the potential consequences of the pending criminal proceedings; and the ability to engage in a reasoned choice of legal strategies and options, to understand the adversarial nature of criminal proceedings, and to exhibit appropriate courtroom behavior. *See* TEX. CODE CRIM. PROC. art. 46B.024(1)(A), (C), (D), (E*)*.[1]

---

[1]

The Code of Criminal Procedure not only requires the appointment of experts who have particular qualifications, but it also sets forth the factors that must be considered by those experts in conducting a competency examination. *See* TEX. CODE CRIM. PROC. art. 46B.024. Article 46B.024 states,

> During an examination under this subchapter and in any report based on that examination, an expert shall consider, in addition to other issues determined relevant by the expert, the following:
> (1) the capacity of the defendant during criminal proceedings to:
>    (A) rationally understand the charges against the defendant and the potential
>        consequences of the pending criminal proceedings;
>    (B) disclose to counsel pertinent facts, events, and states of mind;
>    (C) engage in a reasoned choice of legal strategies and options;
>    (D) understand the adversarial nature of criminal proceedings;
>    (E) exhibit appropriate courtroom behavior; and
>    (F) testify;
> (2) as supported by current indications and the defendant's personal history,
>     whether the defendant:
>    (A) has a mental illness; or
>    (B) is a person with mental retardation;
> (3) whether the identified condition has lasted or is expected to last continuously

The statute, however, requires more than that. In addition to these factors, the statute requires a qualified expert to consider whether a defendant can disclose to counsel pertinent facts, events, and states of mind, and whether he can testify. *See id.* art. 46B.024(1)(B), (F). As the court of appeals observed, the letter cannot speak to this. The contents of appellant's letter are based on his review of a videotape of the offense. In the letter, appellant states, "Watching the video, I could not believe my eyes." I cannot conclude that a defendant has the ability to discuss pertinent facts, events, and states of mind, and to testify merely because he can watch a video of the events and recount what he sees on the video.

Excluding the improper testimony obtained from Dr. Allen, who lacked the statutory qualifications to testify in this case, the letter from appellant, which is based on him having watched a video of the events, fails to address the required statutory criteria that must be considered when an expert assesses whether a defendant is competent to stand trial. The letter, therefore, cannot serve as evidence that the statutory error was harmless.

But even if this Court considered his testimony, Dr. Allen determined that appellant did not

---

for at least one year;
(4) the degree of impairment resulting from the mental illness or mental retardation, if existent, and the specific impact on the defendant's capacity to engage with counsel in a reasonable and rational manner; and
(5) if the defendant is taking psychoactive or other medication:
   (A) whether the medication is necessary to maintain the defendant's competency; and
   (B) the effect, if any, of the medication on the defendant's appearance, demeanor, or ability to participate in the proceedings.

TEX. CODE CRIM. PROC. art. 46B.024. Here, the sole expert who testified at the hearing was not qualified under the pertinent statute so his testimony must be disregarded. This record, therefore, is devoid of any expert testimony establishing the statutory considerations pertinent to a conclusion that appellant was competent to stand trial. *See id*. This Court's majority opinion acknowledges the error in this case and addresses only the question of harm.

have the ability to discuss pertinent facts, events, states of mind, or to testify about matters that occurred during the offense for which he was charged. Dr. Allen indicated that appellant could "tell his version of the events, except for a period of amnesia." Dr. Allen acknowledged that appellant could "tell anything and testify to anything except anything that happened out there that is the subject of the criminal charge." In response to the statement that appellant was "totally void of any knowledge of the facts of the event," Dr. Allen answered, "Right." Dr. Allen also indicated that he believed the amnesia was a result of appellant's head injury and that the tests for malingering were negative.

Perhaps this Court's majority opinion is really holding that amnesia is not a proper basis for finding any defendant incompetent to stand trial. If that is the holding, then this Court should analyze and provide legal support for that proposition. We have never held that amnesia could not be a basis for a finding of incompetency to stand trial. *See Morris v. State*, 301 S.W.3d 281, 293 (Tex. Crim. App. 2009) ("And we do not discount the possibility that there might one day be an extraordinary case in which an inability to recall the charged event because of amnesia could constitute mental incapacity to stand trial.").

Here, the statute plainly requires that competency experts who possess certain qualifications give testimony at the hearing. The record shows that this did not occur. And the statute plainly requires that competency evaluations include the consideration of whether a defendant has the ability to disclose to counsel pertinent facts, events, and states of mind. Excluding Dr. Allen's testimony, the record shows that this did not occur. Appellant's letter based on his understanding of events from watching a video of the offense rather than from his own recollection cannot show that he has the ability to disclose to counsel pertinent facts, events, and states of mind. Because his competency

hearing was fatally flawed, appellant is entitled to a new hearing.

### III. Conclusion

I would hold that the presumption of competency is inadequate to uphold this finding of competency where the statute required the appointment of a qualified expert, which did not occur, and no other evidence suffices to establish competency under the criteria set forth in the competency statute. I, therefore, respectfully dissent.

Filed: October 28, 2015

Publish