

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-82,875-01 & WR-82,875-02

**In re STATE ex rel. JOHN F. HEALEY, JR., Relator**

ON STATE'S PETITION FOR WRITS OF
MANDAMUS AND PROHIBITION AGAINST THE HON. BRADY ELLIOTT
IN CAUSE NO. 10-DCR-054,233 IN THE 268TH DISTRICT COURT
OF FORT BEND COUNTY

**KELLER, P.J., filed a dissenting opinion in which YEARY, J., joins.**

Because the trial court indisputably exceeded its limited jurisdiction in ordering a jury determination of the defendant's *present* competency, and because the concept of "competent for a competency trial" is self-contradictory, the State is entitled to mandamus relief.

"Once the general jurisdiction of a trial court is exhausted, it has only limited jurisdiction to carry out a higher court's mandate and to perform functions specified by law."[1] We abated the appeal in this case and remanded the cause to the trial court to "first determine whether it is presently feasible to conduct a retrospective competency trial, given the passage of time, availability of evidence, and any other pertinent considerations," and if so, to "proceed to conduct such a trial in

---

[1] *Skinner v. State*, 484 S.W.3d 434, 437 (Tex. Crim. App. 2016).

accordance with Chapter 46B, Subchapter C, of the Code of Criminal Procedure."[2]  We did not tell the trial court that it could order a jury trial regarding the defendant's present competency to participate in a competency trial, and the language "other pertinent consideration" in our order does not reasonably include such a proceeding.  In any event, we could not order the trial court to conduct such a jury trial because it is authorized neither by statute nor by common law.

Chapter 46B authorizes a jury trial on the issue of competency only to determine the defendant's competency "to stand trial on the merits."[3]  A competency trial is not a trial on the merits,[4] so the statute does not authorize a jury trial on whether a defendant would be competent at his competency trial.

Furthermore, to trigger the jury-trial requirement of Chapter 46B, a court must determine "that evidence exists to support a finding of incompetency."[5]  Even if a hearing to determine competence for a competency hearing were authorized in theory, it would not be authorized in this case.  Turner has refused to cooperate with the trial court's appointed experts, so the record contains no evidence that he is *presently* incompetent.  Because the competency statute does not authorize the procedure the trial court has ordered, the remaining question is whether that procedure is authorized by common law.

The common law provided only for a jury trial of "the issue of present insanity before trial of the criminal charge for the purpose of determining whether [the defendant] was mentally

---

[2] *Turner v. State*, 422 S.W.3d 676, 696-97 (Tex. Crim. App. 2013).

[3] TEX. CODE CRIM. PROC. art. 46B.005(b).

[4] *Perry v. State*, 703 S.W.2d 668, 672 (Tex. Crim. App. 1986).

[5] TEX. CODE CRIM. PROC. art 46B.005(a).

competent to make a rational defense to the criminal charge."[6]  We characterized this common law rule, arising before statutory procedures were promulgated, as the "judicial invention of a procedural device for assertion of the right not to be tried while insane which was essential to the preservation of the right."[7]  It has never been a rule of common law to have a competency trial to determine whether a defendant is competent to undergo a competency trial, and such a rule would be logically untenable.  The expressed reason to have a competency trial is to protect the defendant's right to be competent *during his criminal trial*.  Underlying every competency trial is the recognition that a defendant might well be incompetent during the competency trial itself: his competency is exactly what the competency trial—in the usual case, when it occurs before the criminal trial—is supposed to determine.  There is no expectation that a defendant be competent during his competency trial; if he were competent, there would be no reason for the competency trial.  As a matter of logic, there can be no right to be competent during a competency trial.

And the fact that the competency trial would be retrospective does not change that—in according a retrospective competency trial, an appellate court orders the trial court to afford the defendant a procedure that the trial court should have earlier given him.[8]

For these reasons, I respectfully dissent.

Filed: March 8, 2017
Do not publish

---

[6] *Townsend v. State*, 427 S.W.2d 55, 58-59 (Tex. Crim. App. 1968) (quoting *State v. Olsen*, 360 S.W.2d 398, 401 (Tex. 1962), *overruled on other grounds by*, *Jackson v. State*, 548 S.W.2d 685, 690 n.1 (1977)) (alteration marks removed).  *See also Guagando v. State*, 41 Tex. 626 (1874).

[7] *Id.*

[8] *See Owens v. State*, 473 S.W.3d 812, 816 (Tex. Crim. App. 2015); *Turner v. State*, 422 S.W.3d 676, 696-97 (Tex. Crim. App. 2013).  *See also* TEX. R. APP. P. 44.4.