**Opinion issued October 1, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00366-CR

————————————

**CHRISTOPHER DEWA WASHINGTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 228th District Court
Harris County, Texas
Trial Court Case No. 1259853

## MEMORANDUM OPINION

A jury convicted appellant, Christopher Dewa Washington,[1] of capital murder

and the trial court assessed punishment at confinement for life with no possibility of

---

[1]     Although the record reflects that appellant's middle name is "Dewayne," the final
        judgment identifies appellant as "Christopher Dewa Washington."

parole. Appellant argues on appeal that, among other things, the trial court abused its discretion when it denied his request for a competency hearing under Texas Code of Criminal Procedure 46B.[2]

On January 12, 2016, this Court issued a memorandum order of abatement in which we held that the trial court abused its discretion when it found that there was no evidence that would support a possible finding that appellant was incompetent to stand trial and refused to hold a formal competency trial. *See* TEX. CODE CRIM. PROC. art. 46B.004(c). Based on our holding, we abated this appeal and remanded this cause to the trial court to determine whether it was feasible to conduct a retrospective competency trial and, if so, to order an examination of appellant under Subchapter B and conduct a retrospective competency trial, as required by Article 46B.005. *Id.* art. 46B.005(a), (b); *see Turner v. State*, 422 S.W.3d 676, 696–97 (Tex. Crim. App. 2013). We further ordered that the record of the proceedings on remand be returned to this Court for reinstatement of the appeal. *Turner*, 422 S.W.3d at 696–97.

After the transcript of the July 22, 2019 retroactive competency hearing was filed with the Court, we lifted the abatement and reinstated the appeal to the Court's active docket.

---

[2] Appellant also argues that the trial court violated his constitutionally protected right to due process when it refused to allow him to obtain the assistance of a psychological expert and the trial court abused its discretion when it denied his request for an evidentiary hearing on his motion for new trial.

The supplemental clerk's records and supplemental reporter's records filed in this case reflect that appellant was evaluated by two court-appointed experts and one expert retained by the State. The first court-appointed expert performed a forensic intellectual evaluation and a competency evaluation of appellant. The second court-appointed expert and the State's expert performed only competency evaluations of appellant. The results of appellant's intellectual evaluation indicate that appellant has an IQ score of 65, which falls in the moderately impaired range of measured intelligence and satisfies criteria for a formal diagnosis of an Intellectual and Developmental Disorder, formerly known as mental retardation.

With respect to appellant's competency evaluations, all three experts concluded that appellant has an intellectual disability that is attributable to, or was exacerbated by, multiple traumatic brain injuries, and, as a result of his disability, appellant was incompetent at the time of his April 2014 trial and he was incompetent when the evaluations were conducted. All three experts also opined that given the nature of appellant's disability, it is very unlikely that he can be restored to competency. According to the State's expert, appellant's disability is stable and lifelong, and the deficits that result in appellant's incompetency to stand trial are not expected to improve significantly with education, psychological, or medical intervention.

At the retroactive competency hearing, the State conceded that appellant was incompetent at the time of trial.

It is a violation of due process to put a mentally incompetent person on trial. *See id.* at 688 (citing *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996)); *Owens v. State*, 473 S.W.3d 812, 816 (Tex. Crim. App. 2015) ("Thus, if a defendant were tried and convicted, but later was found to have been incompetent to stand trial, that trial is rendered invalid on due-process grounds."). Given the undisputed evidence that appellant was incompetent when he was tried and convicted by a jury of capital murder in April 2014, we hold that the trial violated appellant's due process rights. *See Turner*, 422 S.W.3d at 688.

We reverse appellant's conviction and remand to the trial court for further proceedings. Any pending motions are dismissed as moot.

Russell Lloyd
Justice

Panel consists of Justices Lloyd, Goodman, and Landau.

Do not publish.   TEX. R. APP. P. 47.2(b).

4